# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/09/2018
CT Log Number 534385789

TO:     Maureen Nakly, VP, Ethics and Compliance
        IMS Health Incorporated
        83 Wooster Heights Road
        Danbury, CT 06810

RE:     **Process Served in California**

FOR:    IQVIA Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CINDY SALGADO, ETC., PLTF. vs. IQVIA, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, COVER SHEET |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201800054201CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 01/12/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2018 at 15:32 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | SARAH B. SCHLEHR<br>THE SCHLEHR LAW FIRM, P.C.<br>150 East Olive Avenue, Suite 214<br>Burbank, CA 91502<br>310-492-5757 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780139964185 |
| | Image SOP |
| | Email Notification,  Maureen Nakly  maureen.nakly@QuintilesIMS.com |
| | Email Notification,  Robin Nance  robin.nance@quintilesIMS.com |
| | Email Notification,  Harvey Ashman  Harvey.ashman@QuintilesIMS.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2:45,
11/09/18

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>IQVIA, INC., a corporation; QUINTILES COMMERCIAL US, INC., a corporation, and DOES 1-100<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>· CINDY SALGADO, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/06/2018** at 03:39:00 PM<br>Clerk of the Superior Court<br>By Gen Dieu, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Central Courthouse<br>330 West Broadway San Diego CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2018-00054201-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah B. Schlehr, 150 E. Olive Ave. Ste 214, Burbank, CA 91502 Tel (310) 492-5757

| | | | |
|---|---|---|---|
| DATE: 11/08/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | G. Dieu | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  IQVIA, INC., a corporation

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
            [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  SARAH B. SCHLEHR (SBN 229523)
   STACEY R. BROWN (SBN 245661)
2  THE SCHLEHR LAW FIRM, P.C.
   150 East Olive Avenue, Suite 214
3  Burbank, CA 91502
   sarah@pregnancylawyer.com
4  (310) 492-5757 phone
   (310) 601-7959 fax
5
   Attorneys for Plaintiff
6  Cindy Salgado

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/25/2018 at 06:14:43 PM
Clerk of the Superior Court
By Julia McGinnis, Deputy Clerk

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA
8           COUNTY OF SAN DIEGO - CENTRAL

9  CINDY SALGADO,                    Case No.: _____
   an individual,                    37-2018-00054201-CU-OE-CTL
10
                                     COMPLAINT FOR:
11           Plaintiff,
                                     1.  DISCRIMINATION IN
12      v.                               VIOLATION OF CALIFORNIA
                                         GOVERNMENT CODE § 12940
13                                       ET. SEQ.
   IQVIA, INC., a corporation; QUINTILES
14 COMMERCIAL US, INC., a corporation,  2.  FAILURE TO ACCOMMODATE
   and DOES 1-100.                          IN VIOLATION OF
15                                           CALIFORNIA GOVERNMENT
                                             CODE § 12940 ET SEQ.
16           Defendants.
                                     3.  FAILURE TO ENGAGE IN THE
17                                       INTERACTIVE PROCESS IN
                                         VIOLATION OF GOVERNMENT
18                                       CODE § 12940 ET SEQ.

19                                   4.  RETALIATION IN VIOLATION
                                         OF CALIFORNIA
20                                       GOVERNMENT CODE § 12940,
                                         ET SEQ., § 12945, ET SEQ., and §
21                                       12945.2, ET SEQ.

22                                   5.  INTERFERENCE WITH LEAVE
                                         AND VIOLATIONS OF
23                                       CALIFORNIA'S PREGNANCY
                                         DISABILITY LEAVE LAW (GOV.
24                                       CODE § 12945 ET SEQ.)

25                                   6.  INTERFERENCE WITH LEAVE
                                         AND VIOLATIONS OF THE
26                                       CALIFORNIA FAMILY RIGHTS
                                         ACT (GOV. CODE § 12945.2 ET
27                                       SEQ.)
28

────────────────────────────────────────
                COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

7. **FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940(J) AND (K)**

8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

9. **VIOLATION OF CALIFORNIA LABOR CODE § 1030 ET SEQ.**

**DEMAND FOR JURY TRIAL**

Plaintiff, CINDY SALGADO, hereby brings this complaint against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1.      Plaintiff is a resident of the State of California. Plaintiff was employed by Defendants in the State of California in the County of San Diego.

2.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, Defendant IQVIA, INC. was and is a corporation licensed and doing business in the State of California. Plaintiff is informed and believes that, at all times relevant to this complaint, Defendant IQVIA, INC. was her employer.

3.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein Defendant QUINTILES COMMERCIAL US, INC., was and is a corporation licensed and doing business in the State of California. Plaintiff is informed and believes that, at all times relevant to this complaint, Defendant QUINTILES COMMERCIAL US, INC. was her employer.

4.      Defendant IQVIA, INC. and Defendant QUINTILES COMMERCIAL US, INC. are referred to collectively herein as "Defendant Employer."

5.      The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendant DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore

1    sues said Defendants by such fictitious names. Each of the Defendants designated herein as a

2    DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events

3    and happenings herein referred to and caused injuries and damages proximately thereby to the

4    Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show

5    their names and capacities when the same have been ascertained.

6          6.      At all times relevant herein, each Defendant designated herein, including DOES 1

7    through 100, was the agent, partner, joint venturer, joint employer, representative, servant,

8    employee, alter ego, and/or co-conspirator of each of the other Defendants, and was at all times

9    mentioned herein acting within the course and scope of said agency and employment, and all acts

10    or omissions alleged herein were duly committed with the ratification, knowledge, permission,

11    encouragement, authorization and consent of each Defendant designated herein.

12          7.      This action is brought pursuant to Government Code section 12900 et seq., and

13    the corresponding regulations of the California Fair Employment and Housing Commission.

14

15                          **GENERAL ALLEGATIONS**

16          8.      Defendant Employer began employing Plaintiff on or about June 11, 2015, in the

17    position of Clinical Science Specialist.

18          9.      Defendant Employer promoted Plaintiff to District Manager, Patient Services

19    (Southern California – San Diego/Los Angeles) in or about May 2016. As District Manager,

20    Plaintiff managed a group of nurses who provided patient education and support.

21         10.      At all times relevant herein Plaintiff performed her job in an exemplary manner.

22         11.      As District Manager, Plaintiff reported to Patricia Dobie and then Candace

23    Grover, each of whom held the position of Regional Project Manager.

24         12.      Plaintiff advised Ms. Dobie of her pregnancy and then notified Defendant

25    Employer in or around April 2017.

26         13.      Plaintiff began her leave on May 25, 2017 due to a high-risk pregnancy and gave

27    birth to her child on July 23, 2017.

28

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 3 -
COMPLAINT

14.     Following the birth of her child, Plaintiff continued her leave of absence for the birth of her child and subsequent bonding time. Plaintiff's anticipated return to work date was November 25, 2017.

15.     In or around October 2017 Plaintiff began treatment for postpartum depression and postpartum anxiety and her return to work date was continued while she continued treatment for postpartum depression and anxiety.

16.     In November 2017 Quintiles announced that it was changing its name to IQVIA.

17.     Plaintiff advised Defendant Employer that she would not able to return work on November 25, 2017 as initially expected due to a pregnancy-related disability for which Plaintiff required a continued leave of absence. Through December 2017 Plaintiff remained in communication with her direct supervisor Ms. Grover and with Defendant Employer's Human Resources Department to keep them apprised of her return to work date. Plaintiff's main point of contact within Human Resources was Christal Carmona. Plaintiff also remained in contact with Defendant Employer's third-party disability broker, Unum, to advise them of her medical status and return to work date.

18.     On or about November 20, 2017 Defendant Employer collected Plaintiff's computer and cell phone, stating that it was standard practice.

19.     In or around December 2017, Plaintiff spoke with Ms. Grover about Defendant Employer's bi-annual Plan of Action meeting held in Chicago. Plaintiff advised that she was breastfeeding and, in order to attend the January meeting, she would need to be provided the ability travel with her child and spouse, and to be afforded the ability to breastfeed or pump. Ms. Grover advised that Defendant Employer needed to approve of Plaintiff's request to travel to the meeting with her child and spouse, and that Plaintiff would need to request accommodations related to breastfeeding or pumping.

20.     On or about December 12, 2017 Plaintiff was advised that her position had been posted on Defendant Employer's website. Plaintiff verified that her position had indeed been posted and reached out to Ms. Grover and Ms. Carmona to inquire why her position had been posted.

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 4 -
COMPLAINT

21.     On or about December 13, 2017 Plaintiff was assured by both Ms. Grover and Ms. Carmona that the posting of her position was a formality and that any time an employee is on leave for 6 months the position is posted so that Defendant Employer would have a pool of candidates in the event that the employee decides not to return to work. During these conversations, Plaintiff reiterated that it was her intention to return to work. Ms. Carmona also suggested that Plaintiff might want to consider returning to work with a modified schedule initially, where she would return on a part-time basis initially and then work back up to full time.

22.     Plaintiff remained off work through the end of December, continuing to keep her direct supervisor and human resources apprised of her status.

23.     On January 9, 2018, Plaintiff submitted her return work note with a request to return with a modified scheduled as had been suggested by Human Resources. Plaintiff's request to return with a modified schedule released her to return to work on January 16, 2018 as follows:

- The first week: No more than 20 hours a week/no more than 4 hours a day;
- The second week: No more than 20 hours a week/no more than 4 hours a day;
- The third week: No more than 30 hours a week/no more than 6 hours a day;
- The fourth week: No more than 30 hours a week/no more than 6 hours a day;
- Return to work full time on February 14, 2018.

24.     On January 11, 2018 Ms. Carmona advised Plaintiff by email that Defendant Employer had "advised that they are unable to support the return to work accommodations" and went on to state that "[a]t this time you will remain out on disability until you are able to return on a full-time basis."  In response to Ms. Carmona's statement suggesting that Plaintiff reach out to her doctor to discuss "any other solutions or schedules that can be provided", Plaintiff responded and asked what modifications Defendant Employer could support so that she could discuss with her doctor. Defendant Employer did not respond to Plaintiff's inquiry.

25.     On January 11, 2018 Plaintiff was advised by colleagues that Defendant Employer was interviewing candidates for Plaintiff's position. Plaintiff then contacted Ms. Grover who confirmed that interviews were being conducted, but assured Plaintiff that the interviews were being done only in the event that Plaintiff decided not to return to work. Ms.

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 5 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1  Grover also advised Plaintiff that Defendant Employer had implemented a new policy that

2  required any employee returning to work after a leave of absence of three months or longer to

3  attend its New Hire Orientation, a three-week program held in Chicago.

4      26.    On January 12, 2018 Plaintiff received a call from Defendant Employer's Human

5  Resources Associate Director, Aliza Zaidi, who informed Plaintiff that Defendant Employer was

6  terminating her employment due to "critical business needs" and because Unum had approved

7  Plaintiff's claim for Long Term Disability. (Plaintiff's Short-Term Disability ended on

8  December 12, 2018 and Plaintiff was seeking benefits for her time off work beyond December

9  12.)

10      27.    Plaintiff stated that she would immediately contact her doctor to be released to

11  work full time with no restrictions. Ms. Zaidi stated that even if Plaintiff obtained such a

12  clearance, it would not change Defendant Employer's termination decision and that Plaintiff

13  would be "a liability." Ms. Zaidi stated that Defendant Employer's decision was final.

14      28.    Nonetheless, after speaking with Ms. Zaidi, Plaintiff immediately contacted her

15  doctor to request that she be immediately released to return to work full time with no restrictions.

16      29.    Plaintiff also called and sent a text message to her direct supervisor Ms. Grover,

17  and the Project Director, Annie Marucci to state her intent to return to work the following

18  Monday for full-time duty, expressed her willingness to travel to Chicago for Defendant

19  Employers' New Hire Orientation, and stated that she would be obtaining a release from her

20  doctor to return to work full time by the end of the day.

21      30.    Ms. Grover called Plaintiff at the end of the day on January 12, 2018 and said that

22  she had been instructed to call Plaintiff with close out instructions. Ms. Grover went on to state

23  that Human Resources had advised her that they had conveyed the seriousness of the situation to

24  Plaintiff previously and had sent her three certified letters explaining the situation and their intent

25  to terminate Plaintiff's employment if she was unable to return to work.

26      31.    Plaintiff did not receive any such certified letters.

27      32.    On January 12, 2018 Plaintiff made an urgent same day appointment with her

28  doctor and obtained a clearance to return to work on January 13, 2018 on a full-time basis with

- 6 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1  no restrictions. Plaintiff submitted her clearance to return to work to Defendant Employer on

2  January 12, sending the clearance to Human Resources, Ms. Carmona, and Ms. Marucci.

3      33.     Despite Plaintiff's medical clearance releasing her to return to work on a full-time

4  basis, Defendant Employer refused to reconsider its termination of Plaintiff's employment. On

5  January 16, 2018, Defendant Employer sent Plaintiff a letter and email from Ms. Zaidi

6  confirming the termination of her employment. The letter failed to address Plaintiff's clearance

7  to return to work that Plaintiff had submitted on January 12, 2018.

8      34.     Plaintiff is informed and believes that the employee hired to replace Plaintiff did

9  not complete her onboarding and orientation process until March 23, 2018 and did not report for

10  full time field duty until March 26, 2018.

11      35.     Plaintiff properly exhausted her administrative remedies as required by law by

12  filing a complaint with the Department of Fair Employment and Housing and receiving a "Right

13  to Sue" Notice on October 24, 2018.

14

15              **FIRST CAUSE OF ACTION**

16          **DISCRIMINATION IN VIOLATION OF**

17      **CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

18              **(Against All Defendants)**

19      36.     Plaintiff realleges and incorporates herein each preceding paragraph of this

20  complaint as though fully set forth.

21      37.     At all times herein mentioned, California Government Code sections 12940 et

22  seq. were in full force and effect and were binding on Defendants.

23      38.     Under the Fair Employment and Housing Act ("FEHA"), Government Code

24  section 12940 et seq., it is an unlawful employment practice for an employer, because of the sex

25  and/or pregnancy of a person, to refuse to hire or employ the person, to refuse to select the

26  person for a training program leading to employment, to bar or discharge the person from

27  employment or from a training program leading to employment, or to discriminate against the

28  person in compensation or in terms, conditions, or privileges of employment.

-7-

39.    Under the FEHA, Government Code section 12940 et seq., it is an unlawful employment practice for an employer, because of the disability and/or perceived disability of a person, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in the terms, conditions, or privileges of employment.

40.    During Plaintiff's employment, Plaintiff was a person with a disability and/or Defendants perceived or regarded Plaintiff as a person with a disability.

41.    As a direct, legal, and proximate result of Plaintiff's sex/pregnancy, need to breastfeed, disability, and/or perceived disability, Defendants discriminated against Plaintiff by engaging in adverse actions including, but not limited to, terminating Plaintiff's employment, refusing to reinstate Plaintiff, refusing to engage in the interactive process, refusing to accommodate Plaintiff's disability and/or perceived disability, refusing to accommodate Plaintiff's need to breastfeed, requiring Plaintiff to attend a New Hire Orientation following a job protected leave of absence, and by adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

42.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

43.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, including manifestations of said emotional distress. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

- 8 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

44.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

45.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

46.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA
### GOVERNMENT CODE § 12940 ET SEQ.
#### (Against All Defendants)

47.     Plaintiff realleges and incorporates herein each preceding paragraph of this complaint as though fully set forth.

48.     At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on Defendants. Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(m), it is an unlawful employment practice for an employer or other entity to fail to make reasonable accommodations for the known or perceived physical or mental disability of an employee.

49.     During the course of her employment, Plaintiff was a person with a disability and/or Defendants perceived or regarded Plaintiff as a person with a disability. Rather than

- 9 -

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1   accommodate or engage in the interactive process, Defendants refused to reinstate Plaintiff and

2   terminated Plaintiff's employment.

3        50.    In failing to reasonably accommodate Plaintiff's known or perceived disability,

4   failing to reinstate Plaintiff with or without reasonable accommodations, and in terminating

5   Plaintiff's employment rather than engage in the interactive process and reasonably

6   accommodate Plaintiff, Defendants violated the Fair Employment and Housing Act ("FEHA"),

7   California Government Code section 12940(m).

8        51.    As a proximate result of the aforesaid acts of Defendants, and each of them,

9   Plaintiff has suffered actual, consequential and incidental financial losses, including without

10   limitation, loss of salary and benefits, and the intangible loss of employment related

11   opportunities in her field and damage to her professional reputation, all in an amount subject to

12   proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code

13   section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment

14   interest.

15        52.    As a proximate result of the wrongful acts of Defendants, and each of them,

16   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and

17   embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

18   believes and thereupon alleges that she will continue to experience said physical and emotional

19   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

20   at the time of trial.

21        53.    As a proximate result of the wrongful acts of Defendants, and each of them,

22   Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

23   expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

24   entitled to recover attorneys' fees and costs under California Government Code section

25   12965(b).

26        54.    The acts taken toward Plaintiff were carried out by Defendants' officers,

27   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

28   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

- 10 -

COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1  safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned,

2  and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of

3  punitive damages against each of said Defendants.

4       55.    Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful

5  acts and an injunction and order obligating Defendants to comply with their obligations under the

6  California Fair Employment and Housing Act as specified by the Court.

7

8  **THIRD CAUSE OF ACTION**

9  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF**

10  **CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

11  **(Against All Defendants)**

12       56.    Plaintiff realleges and incorporates herein all preceding paragraphs of this

13  complaint as though fully set forth.

14       57.    Under the Fair Employment and Housing Act ("FEHA"), California Government

15  Code section 12940(n), it is an unlawful employment practice for any employer or covered entity

16  to fail to engage in a timely, good faith, interactive process with the employee to determine

17  effective reasonable accommodations, if any, in response to a request for reasonable

18  accommodation by an employee with a known physical and/or mental disability and/or medical

19  condition.

20       58.    During the course of her employment, Plaintiff was a person with a disability

21  and/or Defendants perceived or regarded Plaintiff as a person with a disability. Rather than

22  accommodate or engage in the interactive process, Defendants refused to reinstate Plaintiff and

23  terminated Plaintiff's employment.

24       59.    Defendants' failure to engage in the interactive process violated California

25  Government Code §12940 et seq. Defendants' failure to engage in a good-faith interactive

26  process was a substantial factor in causing Plaintiff's harm.

27       60.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

28  actual, consequential and incidental financial losses, including without limitation, loss of salary

- 11 -

COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1   and benefits, and the intangible loss of employment related opportunities in her field and damage

2   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

3   claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

4   provision of law providing for prejudgment interest.

5       61.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered

6   and continues to suffer emotional distress, including manifestations of said emotional distress.

7   Plaintiff is informed and believes and thereupon alleges that she will continue to experience said

8   emotional suffering for a period in the future not presently ascertainable, all in an amount subject

9   to proof at the time of trial.

10      62.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been

11  forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

12  continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover

13  attorneys' fees and costs under California Government Code § 12965(b).

14      63.     The acts taken toward Plaintiff were carried out by Defendants' officers,

15  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

16  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

17  safety of Plaintiff. Defendants, and their agents/employees or supervisors, authorized, condoned

18  and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of

19  punitive damages against the Defendants.

20      64.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful

21  acts and an injunction and order obligating Defendants to comply with their obligations under the

22  California Fair Employment and Housing Act as specified by the Court.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT**

**CODE § 12940, ET SEQ., § 12945, ET SEQ., and § 12945.2, ET SEQ.**

**(Against All Defendants)**

65.    Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

66.    Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(h), it is an unlawful employment practice for an employer or person to discharge, expel, or otherwise discriminate against any person because the person engaged in certain protected activities.

67.    California Government Code section 12940(m)(2) makes it unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation, regardless of whether the request for accommodation was granted.

68.    California Code of Regulations, title 2, section 11039(a)(1)(l) provides, in pertinent part, that "it is unlawful for any employer to ... retaliate, discharge, or otherwise discriminate against an applicant or employee because she has opposed employment practices forbidden under the FEHA or because she has filed a complaint, testified, or assisted in any proceeding under the FEHA."

69.    California Code of Regulations, title 2, section 11039(a)(2)(F) provides, in pertinent part, that "it is unlawful for any employer to ... deny, interfere with, or restrain an employee's rights to reasonable accommodation, to transfer or to take pregnancy disability leave under Government Code section 12945, including retaliating against the employee because she has exercised her right to reasonable accommodation, to transfer or to take pregnancy disability leave."

70.    The FEHA also makes it unlawful for an employer to retaliate against an employee for requesting or taking pregnancy disability leave or family and medical leave. Government Code 12945.2(l)

- 13 -
COMPLAINT

71.     Plaintiff engaged in numerous protected activities during and after her employment with Defendants including, but not limited to, requesting reasonable accommodations to perform her job, requesting accommodations to breastfeed/use her breast pump, requesting and taking leave under California's Pregnancy Disability Leave Law and the California Family Rights Act, and complaining about discrimination.

72.     After Plaintiff engaged in protected activities, Defendants retaliated against Plaintiff by engaging in adverse actions, including, but not limited to terminating Plaintiff's employment, refusing to reinstate Plaintiff, refusing to engage in the interactive process, refusing to accommodate Plaintiff's disability and/or perceived disability, refusing to accommodate Plaintiff's need to breastfeed, requiring Plaintiff to attend a New Hire Orientation following a job protected leave of absence, and by adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

73.     Defendants' conduct as alleged herein, constituted unlawful retaliation in employment because of Plaintiff's protected activity, in violation of California Government Code sections 12940 et seq., sections 12945 et seq., and sections 12945.2 et seq.

74.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

75.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, including physical manifestations of said emotional distress. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 14 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

76.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

77.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

78.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## FIFTH CAUSE OF ACTION

### INTERFERENCE WITH LEAVE AND VIOLATIONS OF

### CALIFORNIA'S PREGNANCY DISABILITY LEAVE LAW

### GOVERNMENT CODE § 12945 ET SEQ.

**(Against All Defendants)**

79.     Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

80.     At all times herein mentioned, California Government Code section 12945 et seq. were in full force and effect and were binding on Defendants. Under the California Pregnancy Disability Leave Law ("PDLL"), Government Code section 12945(a)(1), part of Fair Employment and Housing Act ("FEHA"), it is unlawful for an employer to refuse to allow a female employee disabled by pregnancy, childbirth, or a related medical condition to take up to four months of leave and thereafter be reinstated to the same position. California Code of

Regulations, title 2, section 11043 provides, in pertinent part, that an employee who exercises her right to take pregnancy disability leave is guaranteed a right to return to the same position within two business days or, under specified circumstances, a comparable position.

81.    The PDLL also makes it unlawful for an employer "to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider." Government Code section 12945 (a)(3)(A). California Code of Regulations, title 2, section 11035 subd. (d) provides, that "A 'condition related to pregnancy, childbirth, or a related medical condition,' as set forth in Government Code section 12945, means a physical or mental condition intrinsic to pregnancy or childbirth that includes, but is not limited to, lactation."

82.    Plaintiff was eligible for Pregnancy Disability Leave and took leave because she was disabled on account of pregnancy, childbirth, or a related medical condition. Plaintiff was eligible for job protected leave through at least December 17, 2017.

83.    While Plaintiff was on a job protected leave, Defendants posted her job on or before December 12, 2017.

84.    While Plaintiff was on a job protected leave, Defendants also implemented a new policy requiring that any employee returning to work after a leave of absence of three months or longer to attend its New Hire Orientation, a three-week program held in Chicago. This new policy has a disparate impact on pregnant employees who take job protected leave.

85.    Defendants also violated the PDLL by failing to accommodate Plaintiff's pregnancy related disability by, among other things, failing to provide Plaintiff with an unpaid leave of absence following the expiration of her job protected leave and by failing to accommodate Plaintiff's need to breastfeed.

86.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses including, without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 16 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1    proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code

2    section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment

3    interest.

4         87.    As a proximate result of the wrongful acts of Defendants, and each of them,

5    Plaintiff has suffered and continues to suffer emotional distress, including physical

6    manifestations of said emotional distress. Plaintiff is informed and believes and thereupon

7    alleges that she will continue to experience said emotional suffering for a period in the future not

8    presently ascertainable, all in an amount subject to proof at the time of trial.

9         88.    As a proximate result of the wrongful acts of Defendants, and each of them,

10   Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

11   expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

12   entitled to recover attorneys' fees and costs under California Government Code section

13   12965(b).

14        89.    The acts taken toward Plaintiff were carried out by Defendants' officers,

15   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

16   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

17   safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned,

18   and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of

19   punitive damages against each of said Defendants. Plaintiff also seeks an equitable declaration

20   that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to

21   comply with their obligations under the California Fair Employment and Housing Act as

22   specified by the Court.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 17 -
COMPLAINT

## SIXTH CAUSE OF ACTION

### INTERFERENCE WITH AND VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT GOVERNMENT CODE § 12945.2 ET SEQ.

#### (Against All Defendants)

90.     Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

91.     At all times herein mentioned, California Government Code section 12945.2 et seq. were in full force and effect and were binding on Defendants. Under the California Family Rights Act ("CFRA"), California Government Code section 12945.2, it is an unlawful employment practice for an employer with fifty (50) or more employees within a seventy-five (75) mile radius of the worksite where the employee is employed to refuse to grant a request by an employee with more than twelve (12) months of service with the employer, and who has at least one thousand two hundred and fifty (1,250) hours of service with the employer during the previous twelve (12) month period, to take a total of twelve (12) workweeks of family care and medical leave. California Government Code section 12945.2(l)(1), in relevant part, states "[i]t shall be an unlawful employment practice for an employer to … discriminate against, any individual because of …[a]n individual's exercise of the right to family care and medical leave."

92.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act ("CFRA"). Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to her requested and/or taken leave.

93.     At all times herein mentioned, Defendants were employers as defined by the California Family Rights Act ("CFRA"). Specifically, Plaintiff is informed and believes that Defendants employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

94.     Plaintiff was entitled to take twelve (12) weeks of job protected leave at the end of her pregnancy disability leave and be reinstated to the same position or to a position

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 18 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

1  comparable to the one she held prior to her transfer. However, while Plaintiff was still on a job

2  protected leave, Defendants posted Plaintiff's position and began seeking applicants for the

3  Plaintiff's position.

4     95.    While Plaintiff was on a job protected leave, Defendants also implemented a new

5  policy requiring that any employee returning to work after a leave of absence of three months or

6  long to attend its New Hire Orientation, a three-week program held in Chicago. This new policy

7  has a disparate impact on pregnant employees who job protected leave.

8     96.    Defendants' conduct unlawfully interfered with and violated Plaintiff's rights

9  under the California Family Rights Act, California Government Code sections 12945.2 et seq.

10    97.    As a proximate result of the aforesaid acts of Defendants, and each of them,

11  Plaintiff has suffered actual, consequential and incidental financial losses, including without

12  limitation, loss of salary and benefits, and the intangible loss of employment related

13  opportunities in her field and damage to her professional reputation, all in an amount subject to

14  proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code

15  section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment

16  interest.

17    98.    As a proximate result of the wrongful acts of Defendants, and each of them,

18  Plaintiff has suffered and continues to suffer emotional distress, including physical

19  manifestations of said emotional distress. Plaintiff is informed and believes and thereupon

20  alleges that she will continue to experience said emotional suffering for a period in the future not

21  presently ascertainable, all in an amount subject to proof at the time of trial.

22    99.    As a proximate result of the wrongful acts of Defendants, and each of them,

23  Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

24  expected to continue to incur attorneys' fees and costs in connection therewith.

25  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code

26  section 12965(b).

27    100.   The acts taken toward Plaintiff were carried out by Defendants' officers,

28  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

- 19 -
COMPLAINT

1   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

2   safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned,

3   and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of

4   punitive damages against each of said Defendants.

5       101.    Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful

6   acts and an injunction and order obligating Defendants to comply with their obligations under the

7   California Fair Employment and Housing Act as specified by the Court.

8

9                          **SEVENTH CAUSE OF ACTION**

10  **FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION IN VIOLATION**

11      **OF CALIFORNIA GOVERNMENT CODE §§ 12940(J) AND (K)**

12                          **(Against All Defendants)**

13      102.    Plaintiff realleges and incorporates herein all preceding paragraphs of this

14  complaint as though fully set forth.

15      103.    Under the Fair Employment and Housing Act ("FEHA"), California Government

16  Code sections 12940(j) and (k), employers are required to take all reasonable steps necessary to

17  prevent discrimination from occurring, to promptly and thoroughly investigate complaints of

18  discrimination, and to take immediate and appropriate corrective action to end discrimination.

19      104.    As a direct, legal, and proximate result of Plaintiff's sex/pregnancy, disability

20  and/or perceived disability, Defendants discriminated against Plaintiff by engaging in adverse

21  actions, including, but not limited to terminating Plaintiff's employment, refusing to reinstate

22  Plaintiff, refusing to engage in the interactive process, refusing to accommodate Plaintiff's

23  disability and/or perceived disability, refusing to accommodate Plaintiff's need to breastfeed, and

24  by adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's

25  employment.

26      105.    Defendants failed to promptly and/or adequately investigate Plaintiff's complaints

27  of discrimination. Defendants failed to take all reasonable steps necessary to prevent

28  discrimination from occurring.

- 20 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

106.   In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take all reasonable steps necessary to prevent the discrimination from occurring, Defendants, and each of them, violated California Government Code sections 12940(j) and (k).

107.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

108.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, including manifestations of said emotional distress. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

109.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

110.   The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

111.    Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

112.    Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

113.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code sections 12940 et seq., is to prohibit employers from discriminating and harassing any individual on the basis of their membership in a protected class, or for their assertion of their rights to be free of such discrimination and harassment as provided by FEHA. Likewise, the public policy of the State of California is to prohibit employers from discriminating, harassing, and retaliating against any individual because of their exercise of the right to leave because they are disabled by pregnancy, childbirth, or a related medical condition; because of their exercise of the right to family care, medical, or bonding leave provided by the CFRA; because they request or require reasonable accommodations; or because they complain about discrimination or harassment. These public policies of the State of California are designed to protect all employees and promote the welfare and well-being of the community at large.

114.    The acts of Defendants, and each of them, in terminating Plaintiff from her position because of her disability and/or perceived disability, because she exercised her right to job-protected leave provided for by the FEHA, requested and/or required accommodations, and/or because she complained about discrimination constituted wrongful termination of Plaintiff's employment. Plaintiff's termination was wrongful and in contravention of the express public policy of the State of California, to wit, the policies set forth in the California Fair Employment and Housing Act and the California Constitution.

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 22 -
COMPLAINT

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

115.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

116.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, including physical manifestations of said emotional distress. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

117.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

118.    Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## NINTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 1030 ET SEQ.

#### (Against All Defendants)

119.    Plaintiff realleges and incorporates herein each preceding paragraph of this complaint as though fully set forth.

- 23 -
COMPLAINT

120.    In or around December 2017 and January 2018, Plaintiff discussed with Ms. Grover her need to breast feed and use her breast pump when traveling. Plaintiff requested that her child and spouse be able to attend out of town meetings to facilitate her ability to breast feed. Ms. Grover advised Plaintiff that would need to obtain permissions/request specific accommodations to allow for her to be able to breast feed/use her breast pump and travel with her child and spouse for out of town meetings.

121.    Labor Code section 1030 requires employers to provide a reasonable amount of break time to accommodate an employee desiring to express breast milk for the employee's infant child.

122.    Labor Code section 1031 requires employers to make reasonable efforts to provide employees with the use of a room or location, other than a toilet stall, for the employee to express milk in private.

123.    Defendant Employer failed to make reasonable efforts to provide Plaintiff with necessary accommodations, breaks, the use of a room or location, or otherwise facilitate Plaintiff's ability to breast feed/use her breast pump while traveling for work.

124.    Pursuant to the Labor Code, Plaintiff seeks a penalty in the amount of $100 for each violation of Defendant Employer's obligation to take reasonable efforts to facilitate Plaintiff's ability to breast feed/use her breast pump while traveling for work, including but not limited to Defendant Employer's failure to accommodate Plaintiff's provide her with a reasonable amount of break time and a private location in which she could express breast milk.

125.    Plaintiff also seeks declaratory and injunctive relief in the form of a court order requiring Defendant Employer to institute a policy and procedure related to ensuring that breast-feeding mothers are provided with a private space in which to express breast milk. Plaintiff requests such other relief the court deems just and proper.

///

///

///

///

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 24 -
COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For general damages, according to proof;

2.      For special damages, according to proof;

3.      For loss of earnings, according to proof;

4.      For attorneys' fees, according to proof;

5.      For punitive damages, according to proof;

6.      For prejudgment interest, according to proof;

7.      For costs of suit incurred herein;

8.      For equitable remedies, including injunctive and declaratory relief;

9.      For such other relief as the Court may deem just and proper.


DATED: October 25, 2018                          THE SCHLEHR LAW FIRM, P.C.


SARAH B. SCHLEHR
STACEY R. BROWN
Attorneys for Plaintiff

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 25 -
COMPLAINT

## JURY TRIAL DEMAND

Plaintiff hereby specifically demands trial by jury.

DATED:  October 25, 2018                    THE SCHLEHR LAW FIRM, P.C.


SARAH B. SCHLEHR
STACEY R. BROWN

Attorneys for Plaintiff

The Schlehr Law Firm, P.C.
150 East Olive Avenue, Suite 214
Burbank, CA 91502
(310) 492-5757

- 26 -

COMPLAINT (DEMAND FOR JURY TRIAL)