UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY SALGADO,<br><br>                      Plaintiff,<br><br>   v.<br><br>IQVIA, INC., *et al.*,<br><br>                    Defendants. | Case No. 18-cv-2785-BAS-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT**<br><br>**[ECF No. 41]** |

Plaintiff Cindy Salgado and Defendants Iqvia, Inc. and Quintiles Commercial US, Inc. filed cross-motions for summary judgment. As attachments to their motion, Defendants included various exhibits. Plaintiff now moves ex parte to seal three of those exhibits. (ECF No. 41.) Plaintiff provides that the documents were designated as confidential as a part of the parties' protective order because they "reflect Plaintiff's private medical and mental health information." Plaintiff wishes to seal ECF 34-8 (Dr. Carroll's Report), ECF 34-19 (Plaintiff's Medical Record), and ECF 34-21 (June 21, 2018 Letter from Unum to Plaintiff).

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record

is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II. ANALYSIS

Certain background information is relevant. Plaintiff was employed by Defendant Iqvia. Plaintiff provides that in 2017, she took pregnancy disability leave, gave birth to her child, and then took bonding leave from her job. (ECF No. 29-1, at

8.) Plaintiff claims she then "began treatment for postpartum depression and anxiety and placed off work by her medical providers due to said postpartum depression and anxiety." (*Id.* at 8–9.) Plaintiff told Iqvia of her intended modified schedule when she returned to work, and Iqvia informed her that they were unable to support such an accommodation. (*Id.* at 10.) Iqvia eventually terminated Plaintiff's employment. (*Id.*) Plaintiff sued Iqvia for violating California's Fair Employment and Housing Act ("FEHA") by failing to provide her reasonable accommodation for her pregnancy-related disability and by terminating her because of her disability. She also claims Iqvia violated the California Family Rights Act by failing to provide her with 12 weeks of leave. Iqvia claims that Plaintiff "fabricated post-partum depression ("PPD") symptoms in order to convince her doctor to place her on disability-related leave." (ECF No. 28-1, at 6.) Iqvia claims it was unable to accommodate Plaintiff's proposed modified work schedule due to the job responsibilities, and Plaintiff was terminated due to business needs.

Plaintiff seeks to seal certain medical records, history, and information. Because the parties' motions for summary judgment are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the ex parte motion to seal.

Courts throughout the Ninth Circuit have recognized that the need to protect medical privacy generally qualifies as a compelling reason to seal records. *Weisberg v. Takeda Pharm. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018); *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *2, (N.D. Cal. Dec. 15, 2017); *Carmichael v. Aranas*, Case No. 3:17-cv-00025-MMD-WGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). Furthermore, under California law, a patient has a privilege to refuse to disclose, and to prevent others from disclosing, confidential communication between patient and physician. Cal. Evid. Code § 994. However, a patient-litigant has no privilege as to communication relevant to an issue concerning the patient's condition if the patient

put that condition at issue. Cal. Evid. Code § 996 ("There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by [t]he patient."); *Weisberg*, 2018 WL 6252458, at *2.

To a certain extent, Plaintiff has put her medical history at issue in this case. Of course, even where a plaintiff has put her medical history at issue, "that does not mean that the entirety of [her] medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public." *Carmichael*, 2017 WL 955183, at *2. The portions of the three exhibits that contain medical information unrelated to the issues in this case are therefore sealable. However, the Court finds that at least part of the three documents that Plaintiff wishes to seal are not sealable because Plaintiff has put certain conditions and communications with her doctors at issue. And further, Plaintiff does not provide the Court with redacted versions of the exhibits showing which portions of the exhibits she believes sealable.[1]

///

---

[1] Further, Plaintiff points out that some of the documents contain her full date of birth in violation of Federal Rule of Civil Procedure 5.2. *See* Fed. R. Civ. P. 5.2(a) (filings may include only the year of the individual's birth). Plaintiff's full date of birth is sealable. Plaintiff also argues that this district's local rules prohibit filings with one's home address. This is incorrect— this rule only applies to criminal cases. *See* U.S. Dist. Court for the S. Dist. of Cal., Electronic Case Filing Administrative Policies and Procedures Manual §1(h)(5) (2019), *available at* https://www.casd.uscourts.gov/_assets/pdf/attorney/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's ex parte motion to seal. (ECF No. 41.) Plaintiff may re-file the motion and respond to the Court's concerns that Plaintiff has placed certain portions of the exhibits at issue. Plaintiff must provide compelling reasons to seal the documents. Plaintiff must attach as exhibits redacted versions of the three exhibits with only the sealable material redacted.

In the meantime, the Court instructs the Clerk to temporarily place the three exhibits (ECF 34-8, ECF 34-19, and ECF 34-21) on restricted access.

**IT IS SO ORDERED.**

**DATED: January 23, 2020**

Hon. Cynthia Bashant
United States District Judge