# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY SALGADO,<br><br>                      Plaintiff,<br><br>  v.<br><br>IQVIA, INC., *et al.*,<br><br>                      Defendants. | Case No. 18-cv-2785-BAS-WVG<br><br>**ORDER GRANTING JOINT MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS**<br><br>**[ECF No. 41]** |

      Plaintiff Cindy Salgado and Defendants Iqvia, Inc. and Quintiles Commercial US, Inc. filed cross-motions for summary judgment. As attachments to their motion, Defendants included various exhibits. A couple months after the motions were filed, Plaintiff moved ex parte to seal three of those exhibits. (ECF No. 41.) The exhibits are: ECF 34-8 (Dr. Carroll's Report), ECF 34-19 (Plaintiff's Medical Record), and ECF 34-21 (June 21, 2018 Letter from Unum to Plaintiff).

      The Court denied without prejudice the ex parte motion to seal because it found that at least portions of the three exhibits are not sealable because Plaintiff has put certain conditions and communications with her doctors at issue in this case. (ECF No. 42.) Further, Plaintiff had not provided the Court with redacted versions of the exhibits showing which segments of the exhibits she believed to be sealable.

      The parties now jointly move to seal portions of the three exhibits and attached

redacted versions of the exhibits to their motion.

I.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II. ANALYSIS

Plaintiff seeks to seal certain medical records, history, and information. Because the parties' motions for summary judgment are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal.

Courts throughout the Ninth Circuit have recognized that the need to protect medical privacy generally qualifies as a compelling reason to seal records. *Weisberg v. Takeda Pharm. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018); *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *2, (N.D. Cal. Dec. 15, 2017); *Carmichael v. Aranas*, No. 3:17-cv-00025-MMD-WGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). The Court previously expressed concerns about sealing information that Plaintiff had put at issue in this case. In the renewed motion, Plaintiff seeks to seal limited information. Upon review of the exhibits, the Court finds the redacted information constitutes private medical and personal information of Plaintiff and others that seems irrelevant to the issues of the case. *See Carmichael*, 2017 WL 955183, at *2 (holding even where a plaintiff has put her medical history at issue, "that does not mean that the entirety of [her] medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public").

Accordingly, the Court **GRANTS** the Joint Motion to Seal. The Clerk is instructed to seal the previously filed documents: ECF 34-8, ECF 34-19, and ECF 34-21.

**IT IS SO ORDERED.**

**DATED: March 20, 2020**

Hon. Cynthia Bashant
United States District Judge